Don JUNCAJ, Petitioner,

v.

Michael B. MUKASEY,[1] United States Attorney General, Respondent.

No. 07–4164–ag.

United States Court of Appeals, Second Circuit.

June 4, 2008.

Charles Christophe, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director, Paul A. Hayden, Deputy Director, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Don Juncaj, a native of the former Yugoslavia,[2] seeks review of a September 13, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Juncaj, Don*, No. A78 692 077 (B.I.A. Sept. 13, 2007). We assume the parties' famil-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

2. Petitioner, who appears to hail from Montenegro, was ordered removed to the Federal

Republic of Yugoslavia, a country no longer in existence. Presumably the agency will amend the removal order. *See* 8 U.S.C. § 1231(b)(2); *Jama v. ICE*, 543 U.S. 335, 338–41, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005).

iarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the agency's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen must be filed no later than 90 days after the date of the agency's final decision. 8 C.F.R. § 1003.2(c)(2). However, the 90–day filing deadline does not apply to a motion to reopen that is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

We conclude that the BIA did not abuse its discretion in denying Juncaj's motion to reopen. It is undisputed that Juncaj's April 2007 motion to reopen was untimely where he filed it more than 90 days after the BIA's October 2003 decision affirming the IJ's denial of his applications for relief. 8 C.F.R. § 1003.2(c)(2). In his brief to this Court, Juncaj argues that the BIA erred in finding that the evidence he submitted was not previously unavailable. *See* 8 C.F.R. § 1003.2(c)(3)(ii). He does not, however, challenge the BIA's finding

that, notwithstanding Montenegro's June 2006 independence, he did not introduce evidence of changed country conditions which are material to his claim of persecution as an ethnic Albanian or draft evader. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal). To prevail in his motion, Juncaj was required not only to submit previously unavailable evidence, but to show that such evidence demonstrated that conditions in Montenegro had grown worse. *See* 8 U.S.C. § 1229a (c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Because the BIA's unchallenged finding was a dispositive basis for its denial of Juncaj's motion to reopen, we deny the petition for review. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.